WENCONG FA, SBN 301679
Email: WFa@pacificlegal.org
JOSHUA P. THOMPSON, SBN 250955
Email: JThompson@pacificlegal.org
Pacific Legal Foundation
930 G Street
Sacramento, California 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

*Attorneys for Plaintiff,*
*Jonathan Kotler*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JONATHAN KOTLER,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN WEBB, in her official capacity as Director of the California Department of Motor Vehicles,<br><br>Defendant. | Case No.: 2:19-cv-2682<br><br>**COMPLAINT FOR VIOLATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983 DECLARATORY AND INJUNCTIVE RELIEF** |

Compl. for Violation of 42 U.S.C. § 1983     - 1 -
Case No.:

**INTRODUCTION**

1. Plaintiff Jonathan Kotler, an attorney who teaches constitutional law at the Annenberg School at the University of Southern California, is a long-time fan of the London-based Fulham soccer team.

2. After the team enjoyed its most successful season in recent years, Mr. Kotler applied for a personalized license plate with the team's "COYW" slogan with the California Department of Motor Vehicles. A Department official denied Mr. Kotler's request, citing a California regulation prohibiting a license plate configuration that "may carry connotations offensive to good taste and decency." *See* Cal. Code Regs. tit. 13, § 206.00(c)(7)(D). In fact, there is no evidence that the slogan carries racial connotations, and thus no reason that Mr. Kotler should not be able to express his message the same way that thousands of other Americans express their messages on personalized license plates every year.

**JURISDICTION AND VENUE**

3. Mr. Kotler brings this civil rights lawsuit pursuant to 42 U.S.C. § 1983, for the violation of rights secured by the First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights), and 2201-2202 (Declaratory Judgment Act).

5. Venue is proper under 28 U.S.C § 1391(b) on the ground that all or a substantial part of the acts giving rise to Plaintiff's claims occurred in the Central District of California.

**PARTIES**

6. Jonathan Kotler is an associate professor at the Annenberg School for Communication and Journalism at the University of Southern California.

///

///

Compl. for Violation of 42 U.S.C. § 1983     - 2 -
Case No.:

7.    Mr. Kotler is an expert in Constitutional Rights, Media History, and Media Law. He has been quoted on First Amendment issues in news outlets such as the *Los Angeles Times*, the *Houston Chronicle*, and the *Chicago Tribune*.

8.    As an attorney, Mr. Kotler has argued at all levels of the state and federal court system, including at the Supreme Court of the United States. *See City of Riverside v. Rivera*, 477 U.S. 561 (1986). Mr. Kotler previously served as legal counsel to the California First Amendment Coalition, the California Freedom of Information Committee, and the Society of Professional Journalists, Los Angeles Professional Chapter.

9.    Kathleen Webb is Director of the California Department of Motor Vehicles. The Department is charged with administering the specialty license plate program. Ms. Webb is sued in her official capacity pursuant to *Ex parte Young*, 209 U.S. 123 (1908).

**FACTUAL ALLEGATIONS**

**PLAINTIFF'S FREE SPEECH INTERESTS**

10.    Jonathan Kotler is an avid soccer fan. His interest in the sport began in the 1950s when he heard, on the radio at a barbershop, of the Munich air disaster that took the lives of seven athletes from the Manchester United soccer team.

11.    Mr. Kotler's favorite soccer team is FC Fulham. He became a supporter of the team after attending games at Craven Cottage, a stadium on the banks of the River Thames where Fulham plays its home games.

12.    Mr. Kotler has been a holder of Fulham season tickets for over a decade. He travels from Los Angeles to London every year to see the Fulham soccer team play at Craven Cottage.

13.    The Fulham soccer team wears white jerseys. The team's slogan is COYW, which stands for "Come on You Whites."

14.    The phrase "Come on You Whites" carries no racial connotation.

15.    Fulham is one of many sports teams that is described by the color of its

Compl. for Violation of 42 U.S.C. § 1983   - 3 -
Case No.:

uniforms. In England, Chelsea is known as "the Blues," and Liverpool is known as "the Reds." New Zealand's famed rugby team is known as the "All Blacks."

16.     Fulham's official hashtag on Twitter is #COYW. The phrase is used in letters signed by Shadid Khan, the team's Pakistani-American owner. National media outlets such as NBC use the term, reporting that "newly promoted Fulham has already shelled out nearly $50 million this summer as the Whites look to secure Premier League status." These documents are incorporated in Exhibit 2.

17.     Fulham enjoyed its most successful season in recent years in 2017-2018. The team finished third in the second-tier English Football League and was promoted to the top league in England: the Premier League.

18.     To celebrate the team's success, Mr. Kotler applied for a personalized license plate with the configuration "COYW."

## CALIFORNIA REGULATIONS ON PERSONALIZED LICENSE PLATES

19.     California allows "special interest" license plates for automobiles, commercial vehicles, trailers, and motorcycles. Special interest plates may be ordered in sequential (standard numbering) or personalized (custom numbers/letters) configurations.

20.     Environmental License Plates are standard design California plates that are personalized. Environmental plates can have two to seven characters, which may be numbers, letters, or a combination of both.

21.     Individuals applying for Environmental License Plates must pay a registration fee, as well as annual renewal fees. The fees collected are used to support environmental programs.

///

///

///

///

Compl. for Violation of 42 U.S.C. § 1983      - 4 -
Case No.:

22.     In addition to the fee, an applicant for an Environmental License Plate must provide, along with other information, her "true full name," the "name of the recipient, if the plates are a gift," and "the applicant's first, second, and third choices of the configuration of letters and numbers to appear on the license plates and the meaning of each." *See* Cal. Code Regs. tit. 13, § 206.00(c).

23.     The California Vehicle Code states that "the department may refuse to issue any combination of letters or numbers, or both, that may carry connotations offensive to good taste and decency." Cal. Veh. § 5105. The implementing regulations instruct the Department to "refuse any configuration that may carry connotations offensive to good taste or decency" based on "criteria which includes, but is not limited to" several factors. Cal. Code Regs. tit. 13, § 206.00(c)(7)(D).

24.     Those criteria include a configuration containing "an insulting or degrading term," a configuration with a term considered "repulsive," or a configuration with "a negative connotation to a specific group." *Id.*

25.     The Department is required to "cancel and order the return of any Environmental License Plate previously issued which contains any configuration of letters and/or numbers which the department later determines may carry connotations offensive to good taste and decency." *Id.* § 206.12(a).

26.     The regulations do not specify who makes the determination whether a configuration "may carry connotations offensive to good taste and decency." *Id.*

27.     The regulations do not set out specific guidelines the decisionmaker uses to make the determination of whether a license plate configuration "may carry connotations offensive to good taste and decency." *Id.*

28.     The regulations do not specify what type of evidence that the decisionmaker may provide in rejecting an application for an Environmental License Plate, or require the decisionmaker to provide any evidence in rejecting an application for an Environmental License Plate.

///

Compl. for Violation of 42 U.S.C. § 1983      - 5 -
Case No.:

**THE DEPARTMENT DENIES MR. KOTLER'S
REQUEST FOR A PERSONALIZED LICENSE PLATE**

29.     On June 1, 2018, Mr. Kotler received a letter from the California Department of Motor Vehicles denying his application for an Environmental License Plate with the proposed configuration of COYW. A copy of this letter is attached as Exhibit 1. The letter stated that the license plate configuration was denied because it "carr[ies] connotations offensive to good taste and decency." *Id.*

30.     The Department's letter stated that it is "difficult" to balance "an individual's constitutional right to free speech and expression while protecting the sensibilities of all segments of our population." *Id.* The letter provided an address to which Mr. Kotler could submit a letter of explanation for further review.

31.     On July 3, 2018, Mr. Kotler submitted a letter of explanation for further review. The letter explained that "COYW" is a term commonly used to support the Fulham soccer team. A copy of this letter is attached as Exhibit 2. As proof, Mr. Kotler attached several documents, including a letter from the team's chairman and an article by NBC that referred to the team as "the Whites." *See id.*

32.     On July 17, 2018, the Department sent Mr. Kotler another letter. The letter stated: "Upon review, we are remaining with our original determination that the configuration is unacceptable. 'Come on You Whites' can have racial connotations." A copy of this letter is attached as Exhibit 3.

**CLAIMS FOR RELIEF**

**CLAIM I
CAL. CODE REGS. TIT. 13, § 206.00(c)(7)(D)
VIOLATES THE FIRST AMENDMENT ON ITS FACE**

33.     Mr. Kotler incorporates the allegations in the preceding paragraphs.

34.     Personalized license plate configurations on Environmental License Plates reflect the applicant's personal expression. Thus, Cal. Code Regs. tit. 13, § 206(c)(7)(D) restricts an individual's First Amendment free speech rights.

Compl. for Violation of 42 U.S.C. § 1983
Case No.:

- 6 -

35. California's regulation on personalized license plate configurations that "may carry connotations offensive to good taste and decency" impose content-based and viewpoint-based restrictions on speech. Because personalized license plates exist as a forum of expression for the plate's holder, the regulation is subject to strict scrutiny.

36. California's regulation on personalized license plate configurations that "may carry connotations offensive to good taste and decency" is not narrowly tailored to any compelling governmental interest.

37. Even if reasonableness review applies, California's regulation on personalized license plate configurations that "may carry connotations offensive to good taste and decency" is invalid under the First Amendment.

38. California's regulation on personalized license plate configurations forces the Department to make inconsistent and subjective decisions about which license plate configurations are prohibited under Cal. Code Regs. tit. 13, § 206(c)(7)(D).

39. Department officials enforcing Cal. Code Regs. tit. 13, § 206(c)(7)(D) determine the meaning of configurations based on the subjective meaning supplied by the applicant and the official's own subjective judgments about the meaning.

40. Because Cal. Code Regs. tit. 13, § 206(c)(7)(D) imposes a vague ban on "connotations offensive to good taste and decency," the regulation allows Department decisionmakers to discriminate on the basis of viewpoint.

41. Because it imposes a categorical ban on personalized license plate configurations that "may carry connotations offensive to good taste and decency," Cal. Code Regs. tit. 13, § 206(c)(7)(D) is facially overbroad.

42. The Department currently maintains and actively enforces a set of laws, practices, policies, and procedures under color of state law that deprive Mr. Kotler of his right to freedom of speech, in violation of the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

43.    Mr. Kotler has no adequate remedy at law to compensate for the loss of these fundamental freedoms and will suffer irreparable injury absent an injunction restraining the Department's enforcement of the regulations complained of in this action. Mr. Kotler is therefore entitled to declaratory and permanent injunctive relief against the continued enforcement and maintenance of the Department's unconstitutional laws, practices, and policies. *See* 28 U.S.C. §§ 2201, 2202.

## CLAIM II

### CAL. CODE REGS. TIT. 13, § 206.00(C)(7)(D) VIOLATES THE FIRST AMENDMENT AS APPLIED TO MR. KOTLER

44.    Mr. Kotler incorporates the allegations in the preceding paragraphs.

45.    The Department's decision to reject an Environmental License Plate with the personalized configuration of "COYW" violates the First Amendment.

46.    The phrase "COYW" is associated with the Fulham soccer team. "COYW" carries no racial connotations.

47.    The Department rejected the "COYW" license plate configuration without any evidence of the supposed harms of the configuration.

48.    The Department has no evidence that a ban on "COYW" license plate configurations furthers any legitimate governmental interest.

49.    The Department currently maintains and actively enforces a set of laws, practices, policies, and procedures under color of state law that deprive Mr. Kotler of his right to freedom of speech, in violation of the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

50.    Mr. Kotler has no adequate remedy at law to compensate for the loss of these fundamental freedoms and will suffer irreparable injury absent an injunction restraining the Department's enforcement of the regulations complained of in this action. Mr. Kotler is therefore entitled to declaratory and permanent injunctive relief

against continued enforcement and maintenance of the Department's unconstitutional laws, practices, and policies. *See* 28 U.S.C. §§ 2201, 2202.

## REQUESTED RELIEF

WHEREFORE, Plaintiff prays for judgment from this Court as follows:

1. Declare Cal. Code Regs. tit. 13, § 206.00(c)(7)(D), facially and as applied to Plaintiff, unconstitutional under the First Amendment.

2. Enjoin Defendant, her employees, agents, successors, assigns, and all persons acting in concert with her, from continuing to enforce the ban on personalized license plate configurations that "may carry connotations offensive to good taste and decency" contained in Cal. Code Regs. tit. 13, § 206.00(c)(7)(D), as well as any and all implementing administrative rules and regulations, and practices and policies by which Defendant enforces, the provision against Plaintiff or any other person.

3. Award Plaintiff his costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

4. Grant such other relief that this Court deems just and proper.

DATED: April 9, 2019.

Respectfully submitted,

WENCONG FA, SBN 301679
JOSHUA P. THOMPSON, SBN 250955

By    /s/ Wencong Fa
          WENCONG FA

Pacific Legal Foundation
930 G Street
Sacramento CA 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7444
WFa@pacificlegal.org

*Attorneys for Plaintiff,*
*Jonathan Kotler*

Compl. for Violation of 42 U.S.C. § 1983    - 9 -
Case No.: